Hugh L. CAREY, Edward I. Koch, Alan Chou, Rose L. Dawson, Samuel Lefkowitz, Michael Loizou, Edwin Martinez, Walter E. Marx, Brunilda Pacheco, Lamuel Stanislaus, the State of New York, and the City of New York, Plaintiffs,

v.

Philip M. KLUTZNICK, Secretary of Commerce, Vincent P. Barraba, Director, Bureau of the Census, William F. Hill, Regional Director, New York Region, Bureau of the Census, Richard Bitzer, Acting Assistant Regional Director, New York Region, Bureau of the Census, Arthur G. Dukakis, Regional Director, Boston Region, Bureau of the Census, United States Department of Commerce, Bureau of the Census, Jimmy Carter, President of the United States, Edmund L. Henshaw, Jr., Clerk of the United States House of Representatives, Defendants.

No. 80 Civ. 4550 (HFW).

United States District Court,
S. D. New York.

Oct. 27, 1980.

See also, D.C., 508 F.Supp. 404; D.C., 508 F.Supp. 416; 2nd Cir., 637 F.2d 834; D.C., 508 F.Supp. 420.

Cravath, Swaine & Moore, New York City, for all plaintiffs except the State of New York and Hugh L. Carey by Frederick A. O. Schwarz, Jr.; Robert S. Rifkind, David A. Barrett, Roger D. Einerson, Francis P. Barron, Michael J. Malone, Catherine Raymond Flickinger, New York City, of counsel.

Robert Abrams, Atty. Gen. of the State of New York, New York City, for the State of New York and the Hon. Hugh L. Carey; Peter Bienstock, Asst. Atty. Gen., Robert Hermann, Shiela Abdus–Salaam, Daniel Berger, New York City, of counsel.

Allen G. Schwartz, Corp. Counsel of the City of New York, New York City, for the City of New York and the Hon. Edward I. Koch; Mary McCorry, New York City, of counsel.

David J. Gilmartin, Suffolk County Atty., Frederic C. Foster, Hauppauge, for applicant intervenors, County of Suffolk and the Hon. Peter F. Cohalan.

John S. Martin, Jr., U. S. Atty., S. D. New York, New York City, for defendants; Michael H. Dolinger, Jane E. Booth, Steven E. Obus, Patrick H. Barth, Gaines Gwathmey, III, Asst. U. S. Attys., New York City, of counsel.

WERKER, District Judge.

The County of Suffolk and its Executive, Peter F. Cohalan, have moved pursuant to Fed.R.Civ.P. 24 to intervene in this lawsuit either as of right or by permission. They assert that disposition of this action in their absence might impair their ability to protect the interests of residents of Suffolk County, New York, in receiving fair shares of federal funds and representation. Affid. of Frederic C. Foster, sworn to Sept. 26, 1980, at ¶ 10. They also contend that their interests are not adequately protected by the existing parties and that their claims and the main action pose common questions of law and fact. Further, they seek to introduce into this litigation the issue of whether illegal aliens should not have been counted by the Census Bureau. Foster affid. at ¶ 11.

■ Intervention, whether permissive or as of right, is governed by Fed.R.Civ.P. 24. With respect to each type of intervention, the threshold question to be determined by a trial court is whether the motion to intervene is timely. See NAACP v. New York, 413 U.S. 345, 365, 369, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973); Fed.R.Civ.P.

24(a)–(b). "Timeliness is to be determined from all the circumstances" including but not limited to the extent to which the suit has progressed, id. at 366, 93 S.Ct. at 2603, and the length of time the applicant intervenor has known of his interest in the suit before moving to intervene. See United States v. International Business Machines, 62 F.R.D. 530, 539 (S.D.N.Y.1974).

■ This action has proceeded apace since its commencement on August 8, 1980. Several motions have been decided by the Court and extensive discovery has been pursued by the parties. Trial of the action on the merits is imminent. Expeditious adjudication of the parties' claims is essential in view of the December 31, 1980 deadline for the Secretary of Commerce to report population figures to the President. The issues have been well–defined by the parties and that of whether illegal aliens should not have been counted has not been raised. To allow intervention by the County of Suffolk at this juncture would only prejudice the parties in receiving prompt adjudication of their claims. Further, in light of the extensive press coverage given to this litigation, the County of Suffolk was or should have been aware of the pendency of this suit in sufficient time to have intervened at an earlier date. The time constraints under which the parties and Court have been proceeding also was or should have been known to the County. For the foregoing reasons, I conclude that the motion to intervene is untimely and that intervention should be denied.

So ordered.